UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case: 18-cv-2492
KEITH SPELLER

                             **COMPLAINT**

              Plaintiff,

                             PLAINTIFF'S DEMAND
     -against-                       TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. JAMES SEDER,
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

              Defendants.
-----------------------------------------------------------X

Plaintiff KEITH SPELLER, by and through his attorney, Paul Hale, Esq. 26 Court St. Brooklyn, NY 11242, complaining of the Defendants, The City of New York, Police Officers JAMES SEDER, "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983.  Jurisdiction supporting Plaintiff's

claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of Richmond in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the actions of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## PARTIES

7. KEITH SPELLER is a citizen of the United States, resides in New York, and is a resident of the State of New York.

8. At all times relevant to this action, Defendant Police Officer JAMES SEDER was a police officer with the City of New York Police Department and acting under color of state law. He

is being sued in both his individual and official capacity.

9. At all times relevant to this action, Defendant Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

10. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendant Police Officers.

11. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described above.

## FACTUAL BACKGROUND

12. On July 26, 2017, at approximately 2:00 pm, KEITH SPELLER was in front of 495 Chester St. in Brooklyn, NY.

13. At the above time and place, and for an unknown reason, P.O. JAMES SEDER and his team of narcotics officers placed MR. SPELLER under arrest.

14. At the time if his arrest an African American officer on the team told P.O. JAMES SEDER that MR. SPELLER was "innocent."

15. Despite this, P.O. JAMES SEDER continued with the arrest.

16. It should be noted that MR. SPELLER is 50 years old and suffers from severe degenerative disc disease, which requires him to use a cane.

17. MR. SPELLER made the arresting officers aware of his condition.

18. Despite his medical condition, his cane was taken away from him and he was forced against the wall to be handcuffed. P.O. JAMES SEDER also kicked MR. SPELLER'S ankles apart numerous times during the arrest.

19. MR. SPELLER was then transferred to the 73rd Precinct where he was booked. During the booking process he was forced to stand without his cane causing sever back pain.

20. MR. SPELLER was then placed in a holding cell that was covered in vomit, blood and urine. MR. SPELLER could not sit in the filth. Thus, he was forced to stand, without his cane, for hours in disgusting and unhealthy conditions.

21. After approximately 5 hours, MR. SPELLER was eventually given a Desk Appearance Ticket and charged with possession of illegal substances.

22. No contraband was found on MR. SPELLER.

23. MR. SPELLER subsequently had to appear in Court numerous times before the District Attorney decided to decline prosecution and all charges were dismissed.

24. MR. SPELLER went to the hospital after his arrest due to the exacerbation of the pain from his medical condition.

25. Presently, MR. SPELLER is still being treated for his injuries.

26. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

27. The unlawful arrest and assault of Plaintiff by defendants was intentional, malicious, reckless and in bad faith.

28. As a direct and proximate result of Defendants' actions, Plaintiff was arrested and detained without just or probable cause.

29. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

30. Defendants City of New York, as a matter of policy and practice, has with deliberate

indifference failed to properly sanction or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including Defendants in this case, to engage in unlawful conduct.

31. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

32. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

33. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

<u>**AS A FIRST CAUSE OF ACTION**</u>:
<u>42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants</u>

34. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

35. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

36. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

37. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

    A. Arrests not based upon probable cause;

    B. Unwarranted and malicious criminal prosecutions;

    C. Deprivations of liberty without due process of law;

    D. Excessive force imposed upon them;

    E. Denial of medical attention;

    F. Summary punishment imposed upon them; and

    G. Denial of equal protection under the law.

38. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION:**
**42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment–**
**against all Defendants**

39. Plaintiff hereby restate all paragraphs above of this Complaint as if fully set forth here.

40. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe

another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

41. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

42. The Defendants Police Officers' use of force against Plaintiff was unjustified under the circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

43. The Defendants Police Officers' violations of Plaintiff's constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS AND FOR A THIRD CAUSE OF ACTION
Supervisory Liability under 42 U.S.C. §1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs above with the same force and effect as if fully set forth herein.

45. The supervisory defendants personally caused plaintiff constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

46. As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, cost, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### *Monell* claim[1]

47. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

48. Upon information and belief, the City of New York was aware of P.O SEDER'S predisposition for violating the rights of citizens, having been sued numerous times in the past. Despite this he was still allowed to interact with the public knowing full well it would lead to further unconstitutional acts.

49. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

   **WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs

---

[1] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

under 42 U.S.C. Section 1988;

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

4. On the Fourth Cause of Action, against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988; and

5. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
7/14/2016

By: _____/s/_____
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344